# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

RICKY WENDELL PHILLIPS,

       Petitioner,

     v.

KERN COUNTY SUPERIOR COURT,

       Respondent.

Case No.  1:14-cv-00321 GSA HC

ORDER TO SHOW CAUSE

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Petitioner filed the instant federal petition for writ of habeas corpus in the Sacramento Division of this Court on August 12, 2013.  On March 6, 2014, the petition was transferred to the Fresno Division and received in this Court.  Petitioner challenges a 2009 conviction sustained in Kern County Superior Court for possession of marijuana in prison.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  See Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order Respondent to respond to the petition.  See Rule 5 of the Rules Governing §

1

1 | 2254 Cases.

2 |      A petitioner who is in state custody and wishes to collaterally challenge his conviction by

3 | a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

4 | The exhaustion doctrine is based on comity to the state court and gives the state court the initial

5 | opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

6 | U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

7 | 1163 (9th Cir. 1988).

8 |      A petitioner can satisfy the exhaustion requirement by providing the highest state court

9 | with a full and fair opportunity to consider each claim before presenting it to the federal court.

10 | Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

11 | Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest

12 | state court was given a full and fair opportunity to hear a claim if the petitioner has presented the

13 | highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis);

14 | Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

15 |      Additionally, the petitioner must have specifically told the state court that he was raising

16 | a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

17 | 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

18 | Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

19 | Supreme Court reiterated the rule as follows:

20 |      In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of
21 | state remedies requires that petitioners "fairly presen[t]" federal claims to the state
     courts in order to give the State the "'opportunity to pass upon and correct alleged
22 | violations of the prisoners' federal rights" (some internal quotation marks
     omitted). If state courts are to be given the opportunity to correct alleged
23 | violations of prisoners' federal rights, they must surely be alerted to the fact that
     the prisoners are asserting claims under the United States Constitution. If a habeas
24 | petitioner wishes to claim that an evidentiary ruling at a state court trial denied
     him the due process of law guaranteed by the Fourteenth Amendment, he must
25 | say so, not only in federal court, but in state court.

26 | Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

27 |      Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his
28 | federal claims in state court unless he specifically indicated to that court that those
     claims were based on federal law. See Shumway v. Payne,  223 F.3d 982, 987-88

(9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Upon review of the instant petition for writ of habeas corpus, it does not appear that Petitioner has sought review for all of his claims in the California Supreme Court. If Petitioner has not done so, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.

///
///
///
///
///
///
///
///
///
///
///
///

**ORDER**

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the petition should not be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court, and if possible, provide copies of the petition filed with the California Supreme Court and any rulings thereon.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits).

IT IS SO ORDERED.

Dated:   __**May 12, 2014**__          _____**/s/ Gary S. Austin**_____
                                        UNITED STATES MAGISTRATE JUDGE