# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY W. PHILLIPS,<br><br>  Petitioner,<br><br>  v.<br><br>SUPERIOR COURT OF KERN COUNTY,<br><br>  Respondent. | Case No. 1:14-cv-00321 GSA HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On August 12, 2013, Petitioner filed the instant petition for writ of habeas corpus. The petition was transferred to this Court on March 6, 2014. Petitioner challenges a 2009 conviction sustained in Kern County Superior Court for possession of marijuana in prison. On May 12, 2014, after conducting a preliminary review of the petition, the Court directed Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. Petitioner responded to the order to show cause on May 23, 2014.

As discussed in the previous order, a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion requirement can be satisfied by

1

providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In this case, Petitioner submits a copy of the ruling on a petition for writ of habeas corpus before the Kern County Superior Court. Petitioner does not state he has presented any of his claims to the California Supreme Court, and he has not submitted any evidence of having done so. Therefore, the Court concludes that the petition is unexhausted and must be dismissed. 28 U.S.C. § 2254(b)(1).

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his

1  constitutional claims or that jurists could conclude the issues presented are adequate to deserve
2  encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473,
3  484 (2000).  While the petitioner is not required to prove the merits of his case, he must
4  demonstrate "something more than the absence of frivolity or the existence of mere good faith on
5  his . . . part." Miller-El, 537 U.S. at 338.

6      In the present case, the Court finds that reasonable jurists would not find the Court's
7  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or
8  deserving of encouragement to proceed further.  Petitioner has not made the required substantial
9  showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to
10 issue a certificate of appealability.

11 **ORDER**

12     Accordingly, IT IS HEREBY ORDERED:

13     1) The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE[1] to
14 Petitioner returning to federal court once exhaustion has been completed;

15     2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

16     3) The Court DECLINES to issue a certificate of appealability.

17
18 IT IS SO ORDERED.

19     Dated:   **June 3, 2014**                              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE
20
21

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

3